Submitted June 17, affirmed August 11, 2010

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

JOSE LUIS CHAVEZ-RODRIGUEZ,
*Defendant-Respondent.*

Jackson County Circuit Court
084272BFE; A140907

238 P3d 51

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Timothy A. Sylwester, Attorney-in-Charge, Capital Cases, filed the brief for appellant.

No appearance for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

The state appeals a pretrial order suppressing evidence seized in a warrantless search of a car in which defendant was a passenger. ORS 138.060(1)(c). The trial court suppressed the evidence on the basis that police officers had unlawfully extended a traffic stop of defendant at the time the evidence was discovered and that the officers lacked reasonable suspicion to extend the original stop. As explained below, we affirm.

An extensive description of the facts is not necessary. Suffice it to say that a police officer stopped defendant and his companions and obtained all of the information necessary to issue a traffic citation. Rather than issue the citation, the officer pursued a drug investigation based on his subjective belief that defendant and his companions were involved in drug crimes. Ultimately, a warrantless search of the car revealed evidence that served as the basis for the suppression motion. Defendant moved to suppress the evidence, arguing that the evidence had been gained during an unlawful extension of the traffic stop, citing *State v. Rodgers*, 219 Or App 366, 182 P3d 209 (2008), *aff'd*, 347 Or 610, 227 P3d 695 (2010), and *State v. Kirkeby*, 220 Or App 177, 185 P3d 510 (2008), *aff'd*, 347 Or 610, 227 P3d 695 (2010). The state's sole argument in the trial court was that reasonable suspicion justified the extension of the traffic stop. The trial court granted defendant's motion.

On appeal, the state contends that the court erred in rejecting its reasonable suspicion arguments. We reject those arguments without discussion. However, the state also appears to be asserting that the traffic stop was never extended. Because the state did not make that argument in the trial court—despite ample opportunity to do so, given that this issue formed the basis for defendant's suppression motion—we do not consider the state's argument in the first instance on appeal.

Affirmed.